UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL WROBEL, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:20-cv-00430-JDL |
| | ) |
| STATE OF MAINE, et al., | ) |
| | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff asserts various claims against the State of Maine and Maine Attorney General Aaron M. Frey based on the alleged actions of several current or former federal officials. Defendants have moved to dismiss the complaint. (Motion, ECF No. 12.)

Following a review of Plaintiff's complaint and after consideration of the parties' submissions, I recommend the Court grant Defendants' motion.

## BACKGROUND

The following facts are drawn from Plaintiff's complaint, including the attached exhibits, and Plaintiff's subsequent pleadings. *See Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (stating that a court may "consider other filings by a self-represented plaintiff, 'including [the] response to the motion to dismiss, to understand the nature and basis of [his] claims'" (quoting *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003)). A plaintiff's factual allegations are generally deemed true when evaluating a motion to dismiss. *See McKee v. Cosby*, 874

F.3d 54, 59 (1st Cir. 2017) (considering a motion to dismiss pursuant to Rule 12(b)(6)); *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (considering a motion to dismiss pursuant to Rule 12(b)(1)).

Plaintiff claims that certain former or current federal officials committed treason and trespassed on his constitutional rights. (Complaint ¶¶ 8-14, 16, 18.)  In support of his claims, Plaintiff cites several agreements and select portions of the U.S. Constitution, the Constitution of Maine, and the New Hampshire Constitution and Bill of Rights; he "demands his 'natural right' and his 'sacred rights' under the coarse [sic] of the common law," and seeks the "redress of wrongs done to him and of the grievances suffered." (*Id*. ¶¶ 1, 3, 31-39.)  He also demands the enactment of the "National Security and Reformation Act."  (*Id*. ¶¶ 39, 41-42.)  In addition, Plaintiff demands that the voting age for state elections be raised to 21 and that all state governors limit the use of voting by mail. (*Id*. ¶¶ 44-45.) Plaintiff further asks that some of the individuals be criminally prosecuted. (*Id*. ¶¶ 9, 16.)

## DISCUSSION

Defendants have moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction (Federal Rule of Civil Procedure 12(b)(1)) and based on Plaintiff's alleged failure to assert facts to support an actionable claim (Federal Rule of Civil Procedure 12(b)(6)).  Defendants also argue that the Eleventh Amendment bars the relief sought by Plaintiff.

A party may move to dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A motion to dismiss an action under Rule 12(b)(1) . . . raises the

fundamental question whether the federal district court has subject matter jurisdiction over the action before it." *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005) (quotation marks omitted). On such a motion, the court must "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi*, 620 F.3d at 54.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1] The jurisdiction of the federal courts is limited to "Cases" and "Controversies." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016) (quoting U.S. Const. art. III, § 2, cl. 1). The limitation reflects "the proper – and properly limited – role of the courts in a democratic society." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Plaintiff seeks to assert a claim to raise the voting age in state elections and to limit voting by mail. The claims are not justiciable because they raise matters that are "commit[ted] … to a coordinate political department," "lack … judicially discoverable and manageable standards for resolving" them, and cannot be decided "without an initial policy determination of a kind clearly for nonjudicial discretion." *Baker v. Carr*, 369 U.S. 186, 217 (1962).[2]

---

[1] Pursuant to 28 U.S.C. § 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Federal courts, however, do not have diversity jurisdiction where a state is a party. *U.S.I. Props. Corp. v. M.D. Constr. Co.*, 230 F.3d 489, 500 (1st Cir. 2000); *Hoffman v. Connecticut*, 671 F. Supp. 2d 166, 169 n.3 (D. Me. Sept. 18, 2009).

[2] Plaintiff also lacks standing to assert any potential claims based on the alleged facts regarding actions demanded to be taken by the state elected officials (e.g., allegation that Governor should prohibit mail-in ballots), insofar as the allegations reflect grievances concerning matters committed to the representative

A party may also seek dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.'"  *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Here, Plaintiff has not alleged any facts to suggest the state defendants engaged in any of the conduct about which he complains and thus he has not asserted an actionable claim against the named defendants.[3]

Even if Plaintiff's complaint could be construed to assert an otherwise actionable claim against Defendants, the State of Maine is immune from suit in this Court under the Eleventh Amendment of the United States Constitution.  The State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested.  *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but

---

branches of government. *Chardon – Dubos v. United States*, 273 Fed. App'x 5 (1st Cir. 2008) (citing *FEC v. Akins*, 524 U.S. 11, 24 (1998), and *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474 – 75 (1982)); *see also Do-Nguyen v. Clinton*, 100 F. Supp. 2d 1241, 1245 – 47 (S.D. Cal. 2000) (dismissing claims related to executive policy, citing plaintiff's lack of standing to assert claims involving generalized grievances and matters "more appropriately addressed in the representative branches" and, in the alternative, based on nonjusticiability of political question); *Weinstein v. Trump*, No. 1:17-cv-01018, 2017 WL 6544635, at *4 (S.D.N.Y. Dec. 21, 2017) (dismissing action to enforce alleged promise or pledge to address conflicts of interest).

[3] To the extent Plaintiff seeks to institute criminal proceedings against certain individuals, Plaintiff does not have standing to pursue criminal charges against the individuals, or to demand that Defendants institute such proceedings. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002).

may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Plaintiff, therefore, cannot prevail in federal court on federal claims asserted against the State, absent waiver of immunity.[4] Also, "[a]bsent an explicit waiver from the state, the Eleventh Amendment bars official capacity suits against state actors in federal court unless the suit seeks prospective injunctive relief." *Caisse v. Dubois*, 346 F.3d 213, 218 (1st Cir. 2003); *see Ex parte Young*, 209 U.S. 123 (1908). Plaintiff has not alleged any facts that would support a finding of waiver. Plaintiff, therefore, cannot prevail in federal court on federal claims asserted against the State of Maine.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' motion to dismiss.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[4] Eleventh Amendment immunity may be waived by a state in some circumstances. For example, states that participate in certain federal programs through which they accept federal funds may by such conduct waive immunity under the Eleventh Amendment to causes of action expressly authorized by Congress in the context of such programs. *See*, *e.g.*, *Lebron v. Commonwealth of Puerto Rico*, 770 F.3d 25, 32 (1st Cir. 2014) (providing as examples the Individuals with Disabilities in Education Act and the Rehabilitation Act). *See also Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts.").

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of March, 2021.